UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERALD JOSEPH FLATTMANN III,

        Plaintiff,

       -v-                                  1:25-CV-1538 (AJB/CBF)

GERALD JOSEPH FLATTMANN, JR.,

        Defendant.
_____

**APPEARANCES:**                           **OF COUNSEL:**

GERALD JOSEPH FLATTMANN III
Plaintiff, Pro Se
86 Freeman Avery Road
Olivebridge, NY 12461

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On October 31, 2025, *pro se* plaintiff Gerald Joseph Flattmann III ("plaintiff") filed this civil action alleging that his father, defendant Gerald Joseph Flattmann, Jr., committed criminal bank fraud when defendant took money out of plaintiff's bank accounts. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3. Thereafter, plaintiff filed an amended complaint that named the same defendant and raised substantially the same nucleus of operative facts, *i.e.*, that his defendant-father has taken money out of his bank accounts. Dkt. No. 9.

On January 27, 2026, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application but, after an initial review of the amended pleading, advised by Report & Recommendation ("R&R") that plaintiff's amended complaint be dismissed. Dkt. No. 14. As Judge Dancks

explained, plaintiff had failed to validly invoke federal-court jurisdiction over this inter-family financial dispute because, *inter alia*, the parties were non-diverse and a private plaintiff cannot pursue a claim under the federal criminal law. *Id*.

Plaintiff has lodged objections. Dkt. No. 15. There, he explains that he wants to appeal Judge Dancks's decision denying his previous request to immediately have process served by the U.S. Marshals Service. *Id*. According to plaintiff, he is suing defendant for "a violation of the civil law codes" based on the allegedly unhabitable condition of the property at which he resides in Ulster County. *See id*. Plaintiff claims that his "landlord is the defendant." *Id*.

Upon *de novo* review, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). First, Judge Dancks was entirely correct to refuse to order service until after she conducted an initial review of the operative pleading. Second, Judge Dancks was also entirely correct that a private plaintiff cannot seek relief under the federal criminal statutes. Third, the parties are both alleged to be New York domiciliaries, which means that this Court lacks subject matter jurisdiction over this dispute, *i.e.*, it can be heard in state court but not federal court.

The only question is whether plaintiff should be given leave to further amend to try to correct these errors. Judge Dancks did not take an explicit position on this question in the R&R, though she correctly noted that plaintiff can certainly pursue his landlord-tenant dispute in a state court of competent jurisdiction. After reviewing the file and considering the matter, the Court concludes that leave to further amend would be unwarranted. Plaintiff has already amended his pleading once. Neither this amendment nor any of the assertions he has made in his objections give rise to any indication that there might be federal-court jurisdiction over this dispute. Plaintiff cannot sue defendant under 42 U.S.C. § 1983, the principal federal civil rights statute, because that body of law does not reach private plaintiffs such as his father, who is alleged to be a private

attorney living and working in downstate New York. The only other body of federal law that comes to mind is the Fair Housing Act ("FHA"). Although the FHA makes it unlawful for a landlord to discriminate against tenants, it does not create any general right to sue a landlord for habitability concerns, such as the frozen pipes or rodent infestation about which plaintiff has complained in his filings. Absent a plausible basis for federal jurisdiction, habitability disputes and civil fraud claims arising from disharmonious family dynamics belong in *state* court. Because there is no indication in any of plaintiff's filings that this lawsuit might belong in *federal* court, leave to further amend will be denied.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 14) is ACCEPTED;

2. Plaintiff's appeal of the magistrate judge decision (Dkt. No. 15) is DENIED; and

3. Plaintiff's amended complaint (Dkt. No. 9) is DISMISSED without prejudice[1] but <u>without</u> leave to amend.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: February 17, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[1] Because the Court lacks subject matter jurisdiction, the dismissal is necessarily without prejudice.